**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2791
_____

MAXIE SEPANG,
                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                            Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A079-708-173)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2010

Before: BARRY, STAPLETON and NYGAARD, Circuit Judges

(Opinion filed:  April 27, 2010)
_____

OPINION
_____

PER CURIAM

    Maxie Sepang petitions for review of an order of the Board of Immigration Appeals

("BIA") from an Immigration Judge's ("IJ") decision denying his motion to reopen his

immigration proceedings.  For the reasons that follow, we will deny the petition for review.

I.

Sepang, a citizen of Indonesia, entered the United States on a non-immigrant visa in 1994, and stayed longer than permitted. In April 2003, the government instituted removal proceedings against Sepang. Sepang conceded removability and applied for withholding of removal and relief under the Convention Against Torture.[1] At a merits hearing, Sepang testified that he could not return to Indonesia because the Indonesian government fails to protect Christians who are attacked by Muslims. In a decision issued in March 2004, the IJ concluded that Sepang failed to establish that it was more likely than not that he would either be tortured or have his life or freedom threatened; the IJ denied Sepang's applications for relief and ordered him excluded. In an order dated August 22, 2005, the BIA affirmed, noting that violence against Christians in Indonesia takes place in specific regions, and that Sepang could avoid the violence by moving to parts of Indonesia where Christians are not in danger. Sepang did not file a petition for review in this Court.

In October 2005, Sepang, through counsel, filed a motion to reopen on the grounds that the conditions in Indonesia had changed and alleging legal error in the IJ and BIA decisions. The BIA construed the motion as a motion to reconsider and rejected it as time barred. In December 2005, Sepang filed a second motion to reconsider the BIA's denial of his earlier motion to reopen. Because Sepang submitted additional evidence regarding changed country conditions in Indonesia with his motion, the BIA construed the motion as a motion to reopen. The BIA concluded that the changed circumstances did not warrant reopening. In August 2006, Sepang,

_____

[1]Sepang originally filed for asylum as well; however, his attorney conceded at the merits hearing that Sepang was ineligible for asylum because it was well over one year since he had entered the United States. See 8 U.S.C. § 1158(a)(2)(B).

acting pro se, filed a third motion to reopen. Sepang argued that he was a member of an organization that had submitted special legislation to Congress that, if passed, would grant Sepang permanent residency. The BIA again denied the motion, rejecting it as time and number barred.

Sepang returned to the BIA in January 2009 with a fourth motion to reopen, this time seeking equitable tolling of the filing restrictions because of ineffective assistance of counsel. Sepang asserted that the attorney who had represented him during his initial appearance before the IJ and the BIA, and during his first two motions to reopen, had not diligently pursued an asylum claim and failed to present evidence about country conditions. Additionally, he claimed that his attorney had improperly filed motions to reopen and reconsider. Given these circumstances, Sepang requested that the BIA reopen his proceedings. The BIA again denied the motion as time and number barred, noting that equitable tolling was not available as Sepang did not comply with the procedural requirements for filing an ineffective assistance of counsel claim, as set forth in Matter of Lozada, 191 I. & N. Dec. 637 (BIA 1988). The BIA further found that, since the IJ's 2003 decision, conditions in Indonesia had not changed to the extent that would warrant reopening Sepang's case. Sepang filed a timely petition for review.

II.

We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252. We review the BIA's findings of fact for substantial evidence and the denial of the motion to reopen for abuse of discretion. See Sevoian v. Ashcroft, 290 F.3d 166, 170 (3d Cir. 2002). The BIA's decision is entitled to "broad deference." Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). Thus, in order to succeed on the petition for review, Sepang must show that the BIA's

3

discretionary decision was arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994) (quotation omitted). Sepang has failed to make such a showing.

III.

In the interest of finality, a motion to reopen generally "shall be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); see also 8 U.S.C. § 1229a(c)(7)(A) (an alien may file one motion to reopen). In this case, Sepang filed his fourth motion to reopen over three years after the BIA's decision. Under some circumstances, equitable tolling is available for a motion to reopen. See Borges v. Gonzales, 402 F.3d 398, 406 (3d Cir. 2005). Sepang alleged ineffective assistance of counsel, which can serve as a basis for equitable tolling, if substantiated, and if accompanied by a showing of due diligence. See Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir. 2005). However, to rely on an ineffective assistance of counsel claim to toll a time limit, the BIA requires an alien to comply with the procedural requirements of Lozada, a requirement that we have held to be reasonable. Lu v. Ashcroft, 259 F.3d 127, 129 (3d Cir. 2001). Sepang did not include a detailed statement setting forth what his attorney agreed to do, nor did he indicate that he had given his attorney an opportunity to respond to these charges. Furthermore, he did not show that he had reported his attorney for disciplinary action. In short, Sepang did not comply with any of the Lozada requirements. See Lozada, 19 I. & N. at 639.

Because Sepang's motion was untimely, his motion had to be based on changed country conditions in Indonesia. See 8 C.F.R. § 1003.2(c)(3)(ii) (90 day time limitation does not apply if the alien seeks reopening "based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or

4

presented at the previous hearing.") We conclude, however, that the BIA did not abuse its discretion in denying his untimely motion to reopen because Sepang did not make the required showing. Sepang based his allegation of changed circumstances arising in Indonesia, and his assertion that his evidence was material to his claim of persecution, on the State Department International Freedom Reports for 2004 and 2007. Neither of the Reports show that conditions of widespread persecution against Christians in Indonesia have changed since Sepang's immigration hearing in 2004 such to warrant reopening. See Sioe Tjen Wong v. Att'y Gen., 539 F.3d 225, 233-34 (3d Cir. 2008). Thus, Sepang has not shown the BIA's decision to deny his motion to reopen was arbitrary, irrational, or contrary to law.

For the above reasons, we will deny the petition for review.